UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

*In re* LinkedIn Advertising Metrics Litigation.

Case No.  20-cv-08324-SVK

**ORDER DENYING PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL**

Re: Dkt. No. 53

Before the Court is the motion of Plaintiffs TopDevz LLC and Noirefy, Inc. (the "moving Plaintiffs") for appointment of Keller Lenkner LLC and Romanucci & Blandin, LLC as interim co-lead class counsel.  Dkt. 53.  Non-moving Plaintiff Synergy RX PBM LLC supports the moving Plaintiffs' motion.  Dkt. 54.  Defendant LinkedIn Corporation opposes the motion.  Dkt. 58.  All parties have consented to the jurisdiction of a magistrate judge.  Dkt. 10, 13, 52.  Pursuant to Civil Local Rule 7-1(b), the Court deems this matter suitable for determination without oral argument.  For the reasons that follow, the Court **DENIES WITHOUT PREJUDICE** the motion to appoint interim co-lead class counsel.

## I.      BACKGROUND

This case began as two separate suits against LinkedIn:  *TopDevz, LLC and Noirefy, Inc. v. LinkedIn Corp.*, Case No. 20-cv-8324 (filed November 25, 2020), and *Synergy RX PBM LLC v. LinkedIn Corp.*, Case No. 21-cv-00513 (filed January 21, 2021).  The Court related the cases. Dkt. 48.  Upon stipulation of the parties, the Court then consolidated the cases for all purposes, and Plaintiffs filed a consolidated complaint.  Dkt. 52, 55.

## II.     DISCUSSION

Under Federal Rule of Civil Procedure 23(g)(3), the district court may appoint interim counsel to act on behalf of a putative class before determining whether to certify a class.  This rule

United States District Court
Northern District of California

United States District Court
Northern District of California

1   "authorizes [a] court to designate interim counsel during the pre-certification period if necessary to

2   protect the interests of the putative class." *Azpeitia v. Tesoro Refining and Marketing Co. LLC,*

3   No. 17-cv-00123-JST, 2017 WL 4071368, at *1 (N.D. Cal. Sep. 14. 2017) (citation omitted).  The

4   appointment of interim class counsel is discretionary and is particularly suited to complex actions:

5   
6   
7   
8   
9

> If the lawyer who filed the suit is likely to be the only lawyer seeking appointment
> as class counsel, appointing interim class counsel may be unnecessary.  If,
> however, there are a number of overlapping, duplicative, or competing suits
> pending in other courts, and some or all of those suits may be consolidated, a
> number of lawyers may compete for class counsel appointment.  In such cases,
> designation of interim class counsel clarifies responsibility for protecting the
> interests of the class during precertification activities …

10   *See In re Google Assistant Privacy Litig.*, No. 19-cv-04286-BLF, 2020 WL 7342713, at *1 (N.D.

11   Cal. Dec. 14, 2020) (quoting Manual of Complex Litig. (Fourth) § 21.11 (2004)).  The

12   commentary to Rule 23 also notes that "[i]n some cases … there may be rivalry or uncertainty that

13   makes formal designation of interim counsel appropriate."  Advisory Committee Note to Fed. R.

14   Civ. P. 23 (discussing former subd. G(2)(A), now renumbered as (g)(3)).

15          This case does not warrant appointment of interim class counsel at this time.  As discussed

16   above, this case originated as two separate cases, which the Court related.  The parties stipulated

17   to consolidation of the cases for all purposes, and at present there is only one consolidated action

18   with one consolidated complaint.  *See* Dkt. 55.  The attorneys for all Plaintiffs successfully

19   worked together to bring about consolidation and have continued to cooperate since the cases were

20   consolidated.  The parties have not identified any other related lawsuits or the potential for

21   additional attorneys to enter the fray.  Nor does there appear to be "a gaggle of law firms

22   jockeying to be appointed class counsel."  *Parrish v. Nat'l Football League Players Inc.*, No. C

23   07-00943 WHA, 2007 WL 1624601, at *9 (N.D. Cal. June 4, 2007).  Two of the firms involved in

24   the case seek appointment as interim co-lead class counsel, and counsel for the non-moving

25   Plaintiff supports their motion.  *See* Dkt. 54.  The fact that two firms seek appointment as interim

26   co-lead class counsel actually detracts from their motion because "greater efficiency and clarity

27   can only be realized if the Court appoints *one* firm as interim class counsel."  *In re Nest Labs*

28   *Litig.*, No. 5:14-cv-01363-BLF, 2014 WL 12878556, at *2 (N.D. Cal. Aug. 18, 2014) (emphasis in

2

United States District Court
Northern District of California

original).  Under the circumstances of this case, the Court sees no danger to the interests of the putative class that appointment of interim counsel will remedy.  Thus, "[t]his action as it currently stands … does not present special circumstances warranting the appointment of interim class counsel."  *Id.* at *1 (quoting *Donaldson v. Pharmacia Pension Plan*, No. CIV. 06-3-GPM, 2006 WL 1308582, at *1-2 (S.D. Ill. May 10, 2006) (noting that typical situation requiring appointment of interim class counsel is one "where a large number of putative class actions have been consolidated or otherwise are pending in a single court")); *see also Kristin Haley v. Macy's, Inc.*, No. 15-CV-06033-HSG, 2016 WL 4676617, at *3 (N.D. Cal. Sep. 7, 2016) (denying appointment of interim class counsel because "at present, there is only one consolidated action with one consolidated complaint").

The Court is not persuaded by the moving Plaintiffs' assertion in the reply brief that interim class counsel should be appointed "to ensure that there is no rivalry or competing interests among the firms," especially in light of their acknowledgment that "the firms have worked amicably to achieve consolidation and avoid unnecessary delay to date."  Dkt. 60 at 1.  The Court welcomes the parties' continued cooperation and "does not wish to invite future parties to manufacture conflict in an attempt to get an early bite at the apple for motions for the appointment of lead plaintiff and selection of lead counsel."  *See In re Google Assistant Privacy Litig.*, 2020 WL 7342713, at *2.

## III.   CONCLUSION

The Court, in its discretion, concludes that appointment of interim class counsel is not necessary at this time to protect the interests of the Plaintiffs or the class.  Accordingly, the moving Plaintiffs' motion is **DENIED WITHOUT PREJUDICE** to renewal of the motion if there is a material change in circumstances.

**SO ORDERED.**

Dated: April 23, 2021

SUSAN VAN KEULEN
United States Magistrate Judge