J. Dominick Larry (*pro hac vice*)
nl@kellerpostman.com
**KELLER POSTMAN LLC**
150 N. Riverside Plaza, Suite 4100
Chicago, IL 60606
Phone: (312) 948-8472

*Settlement Class Counsel*

KEKER, VAN NEST & PETERS LLP
DAVID SILBERT - # 173128
dsilbert@keker.com
MICHELLE YBARRA - # 260697
mybarra@keker.com
FRANCO MUZZIO - # 310618
fmuzzio@keker.com
LUKE APFELD - # 327029
lapfeld@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendant LINKEDIN CORPORATION

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| IN RE LINKEDIN ADVERTISING METRICS LITIGATION,<br><br>        *Plaintiffs,*<br><br>    vs.<br><br>LINKEDIN CORPORATION,<br><br>        *Defendant.* | Case No.:   5:20-cv-08324-SVK<br><br>Hon. Susan van Keulen<br><br>[~~PROPOSED~~] **ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS SETTLEMENT AND AWARIDNG ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS** |

Plaintiffs' Motion for Final Approval, ECF No. 123, and their Motion for Attorneys' Fees, Costs, and Service Awards, ECF No. 122, came before the Court on January 28, 2025, pursuant to the Court's Amended Preliminary Approval Order and its Order Continuing the Final Approval Hearing, ECF Nos. 119 and 121. Having considered the parties' Settlement Agreement, the addendum thereto, and all papers filed and proceedings herein,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. This Court has subject matter jurisdiction over this action.

2. Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the parties' Settlement Agreement.

3. The Court finds, following a rigorous analysis and for purposes of settlement only, that the following settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23:

> All U.S. advertisers who purchased LinkedIn Advertising[1] during the Class Period.[2] Excluded from the Settlement Class are LinkedIn; any entity in which LinkedIn has a controlling interest; LinkedIn's officers, directors, legal representatives, successors, subsidiaries, and assigns; any advertiser who timely files a request for exclusion; and any judge to whom this case is assigned, his or her spouse, and all persons with the third degree of relationship to either of them, as well as the spouses of such persons.

(a) The Class certified herein numbers nearly 300,000 advertisers, and joinder of all such persons would be impracticable;

(b) There are questions of law and fact that are common to the Class, and those questions of law and fact common to the Class predominate over any questions affecting individual Class members, including whether: the class members had to establish the absence of an adequate remedy at law, class members could establish the absence of an adequate remedy at law, LinkedIn breached the implied covenant of good faith and fair

---

[1] "LinkedIn Advertising" means "advertising offered or purchased through LinkedIn Marketing Solutions." Settlement, ¶ II. 18.
[2] The Class Period is January 1, 2015 through May 31, 2023.

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT
CASE NO.: 5:20-cv-08324-SVK
1

dealing, LinkedIn breached the implied duty of reasonable care, and LinkedIn made misrepresentations likely to deceive a reasonable person;

(c) Plaintiffs' claims are typical of the absent Class members' claims, as they each paid to advertise on LinkedIn during the relevant time period;

(d) Plaintiffs and Class Counsel are adequate representatives of the Class: neither Plaintiffs nor their counsel have any conflicts of interest with absent class members, and as shown by their demonstrated commitment to the Class over the last four years, Plaintiffs and Class Counsel have prosecuted this action vigorously for the benefit of the Class and will continue to do so; and

(e) Class action litigation is superior to other available methods for the fair and efficient adjudication of this controversy, as the cost of litigating this action on an individual basis would be far greater than the individual recovery sought.

4.  The Court finds that notice has been disseminated to the Class in compliance with the Court's Amended Preliminary Approval Order. The Court further finds that the notice given was the best notice practicable under the circumstances; constituted notice that was reasonably calculated, under the circumstances, to apprise Class members of the pendency of the action, the terms of the proposed Settlement, the right to object to or exclude themselves from the proposed Settlement, and the right to appear at the Final Approval Hearing; constituted due, adequate, and sufficient notice to all persons entitled to receive notice; fully satisfied due process; and met the requirements of Federal Rule of Civil Procedure 23. The Court further finds that the notice provisions of 28 U.S.C. § 1715 were complied with in this case.

5.  No Class member has objected to the Settlement.

6.  The Court finds that the proposed settlement is fair, reasonable, and adequate under Federal Rule 23(e)(2), is in the best interests of the Class, and should be and hereby is fully and finally approved. *See* Fed. R. Civ. P. 23(e)(1)(B)(i). The Settlement Agreement:

(a) Results from efforts by the Class Representatives and Class Counsel who have adequately represented the Class for over four years;

  (b) Was negotiated at arm's length with the assistance of the Ninth Circuit Mediator and Randall W. Wulff, of Wulff Quinby Sochynsky;

  (c) Provides relief for the Class that is fair, reasonable, and adequate, and taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effective proposed methods of distributing relief to the Class; (iii) the terms of the proposed award of attorneys' fees, including timing and payment; and

  (d) The Settlement treats Class members equitably relative to each other.

  7. The Court finds the attorneys' fee requested by Class Counsel to be fair and reasonable. Because the Class's claims arise under California law, California law governs Class Counsel's entitlement to fees and the method for calculating them. *Walsh v. Kindred Healthcare*, No. 11-cv-50, 2013 WL 6623224, at *1 (N.D. Cal. Dec. 16, 2013) (citing *Viscaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002)). The attorneys' fee here constitutes 25% of the settlement fund; that percentage is consistent with the percentage of attorneys' fees typically awarded under California law and is particularly appropriate here in light of (1) the potential value of the litigation and the results obtained on behalf of the Class; (2) the litigation risks involved; (3) the contingent nature of the representation; and (4) the novelty and difficulty of the issues presented together with the skill shown by counsel. *Lafitte v. Robert Half Int'l, Inc.*, 1 Cal. 5th 480, 488 (2015); *Lealao v. Beneficial California, Inc.*, 82 Cal. App. 4th 19, 42–43 (2000). Ninth Circuit attorneys' fee jurisprudence also supports Class Counsel's requested fee. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) ("This circuit has established 25% of the common fund as a benchmark for attorney fees."). Given the results achieved, the risk undertaken by Class Counsel in pursuing the case, the market rate for similar services, and the fees awarded in comparable cases, Class Counsel's requested fee is reasonable. *See Vizcaino*, 290 F.3d at 1048–50.

  8. Although a lodestar cross-check is not required under California law, the cross-check further supports the requested fee: Based on the evidence submitted by Class Counsel, the Court finds that Class Counsel reasonably spent over 3,339 hours representing the Class's interests

through this litigation, that Class Counsel's hourly rates are reasonable and in line with the prevailing rates in the community for complex class action litigation, and that Class Counsel's lodestar in this matter therefore equals $2,625,704.50. While California law supports the application of a multiplier to compensate Class Counsel for, among other things, the contingency risk undertaken in the litigation, the requested fee entails a "negative" multiplier of 0.63, which is below the range of multipliers typically awarded in such cases and is reasonable here, further supporting the requested fee. *See Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224, 255 (2001) ("Multipliers can range from 2 to 4 or even higher.") (collecting cases). Accordingly, the Court grants Class Counsel's request for attorneys' fees of $1,656,750 to be paid from the Settlement Fund. (Settlement Agreement, ¶ X.2.)

9.      The Court further finds that Class Counsel reasonably expended $154,874.94 in compensable costs to prosecute the litigation on behalf of Plaintiffs and the Class. Reimbursement of counsel's out-of-pocket costs is appropriate under California law. *Lealao*, 82 Cal. App. 4th at 27. Accordingly, the Court grants the request to reimburse Class Counsel's costs in the amount of $154,874.94 to be paid from the Settlement Fund. (Settlement Agreement, ¶ X.2.)

10.     The Court further finds that the requested service awards are fair and reasonable, given the time and effort expended and risk undertaken by the Class Representatives on behalf of the Class. The Court awards Plaintiffs service awards of $25,000 each, to be paid from the Settlement Fund. (Settlement Agreement, ¶ X.4.)

11.     Other than as expressly provided for in this Order, no other costs or fees shall be assessed on any party to this action.

12.     The Release set forth in the Settlement Agreement, in Section XIV, is incorporated herein and, as of the Effective Date and by operation of this Order, is binding and effective on all Class members who have not properly excluded themselves from the Class. The Settlement Agreement, including the full Release in Section XIV, can be found on the Court's public docket at ECF No. 115-3.

13. There being no just reason for delay, the Court, in the interests of justice, expressly directs the Clerk of the Court to enter this Final Order and Judgment, and hereby decrees that, upon entry, it be deemed a final judgment. Without affecting the finality of this judgment in any way, this Court retains continuing jurisdiction over (a) implementation of the settlement; (b) further proceedings, if necessary, on applications for attorneys' fees, expenses, and costs in connection with the action and the settlement, and (c) the parties and the Class members for the purpose of construing, enforcing, and administering the Settlement Agreement and all orders and judgments entered in connection herewith.

**IT IS SO ORDERED.**

Dated: January 28, 2025

_____
Hon. Susan van Keulen
UNITED STATES MAGISTRATE JUDGE